State Farm Fire & Casualty v. Vandiver 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-092-CV

     STATE FARM FIRE AND CASUALTY 
     INSURANCE COMPANY,
                                                                                              Appellant
     v.

     SANDRA SUE VANDIVER,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 46,056
                                                                                                    

OPINION ABATING APPEAL 
ON STATE FARM'S MOTION TO REVERSE AND REMAND
OR TO CORRECT THE STATEMENT OF FACTS
                                                                                                    

      By its "Motion to Reverse and Remand and Alternative Motion for Correction and
Supplementation of Statement Of Facts", State Farm Fire and Casualty Insurance Company
complains that the statement of facts does not accurately reflect the proceedings in the trial court. 
Specifically, State Farm complains that the court reporter failed to make a contemporaneous
verbatim record of excerpts from depositions and exhibits read before the jury, has failed to
include several exhibits admitted at trial, and has submitted a statement of facts that contains
numerous other omissions and inaccuracies. Attached to State Farm's motion is an affidavit from
its lead trial attorney accompanied by an exhibit listing 74 specific instances where State Farm
claims the statement of facts does not accurately reflect what actually happened at trial, and
portions of the depositions which were read to the jury. Because resolution of State Farm's
complaints involves a fact question, we abate this appeal and remand the cause to the trial court
for a hearing. Tex. R. App. P. 55(a); see also Home Ins. Co. v. Hambric, 906 S.W.2d 956, 958
(Tex. App.—Waco 1995, no writ).
       The trial court shall, after notice to the parties, hold a hearing to settle the dispute and, if
necessary, make the statement of facts conform to what occurred in the trial court. Tex. R. App.
P. 55(a). The court shall make findings of fact and conclusions of law determining (1) if State
Farm requested the court reporter to record the proceedings, (2) specifically which proceedings
the court reporter was requested to record, (3) which proceedings and testimony were actually
recorded, (4) what became of the court reporter's notes from any omitted recorded proceedings,
and (5) specifically, what steps were taken by the trial court to ensure that our instructions in
Hambric were complied with in this case. See Hambric, 906 S.W.2d at 958-61. Additionally,
the court is directed to resolve any dispute between the parties as to the accuracy of the text of the
statement of facts previously transcribed, so that the transcription conforms to what occurred in
the trial court. Tex. R. App. P. 55(a). The court shall cause its findings and conclusions to be
certified and transmitted to this court as a supplemental record within thirty days of this order.
      If anything material to either party is omitted from the statement of facts, we may direct that
a supplemental record be certified and transmitted to us supplying such omitted matter. Id. 55(b). 
However, depending on the volume of corrections, if any, the court finds should be made to the
statement of facts, we may instead order amended volumes be filed to replace those volumes
already on file rather than accepting numerous supplemental corrections. Because State Farm's
motion to reverse and remand may change, depending upon the proceedings in the trial court as
a result of this order, we deny the motion currently pending before this court without prejudice
to refile after the hearing in the trial court.
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Motion to reverse denied, appeal abated
Order issued and filed August 21, 1996
Do not publish